In the Matter of the Estate of LILLIAN STRASSMAN COHN, Deceased.

Surrogate's Court, Bronx County, December 14, 1934.

*Strauss & Abrahams* [*Jacob I. Isaacs* of counsel], for the general guardian.

*Greenbaum, Wolff & Ernst* [*Jerome Handler* of counsel], for the trustee.

HENDERSON, S.. During the pendency of a proceeding brought by the guardian of his daughter, an infant under fourteen years of age, to compel the payment of trust income pursuant to the provisions of his wife's will, the trustee was directed to account. Both proceedings were subsequently consolidated and the objections addressed to the account have been dismissed. The trustee objects to the requested payment of income on the ground that the guardian is the father of the infant and that he has not demonstrated his inability to support his daughter.

After bequeathing her jewelry, wearing apparel and household effects to her husband, and some corporate stock to each of two sisters, one of whom is the trustee, the testatrix gave the residue of her estate to her trustee " in trust however, to apply the net income for the proper support, maintenance and education of my daughter Ruth, during her natural life and until she shall attain the age of twenty-one, at which time I direct that the said trust cease and come

to an end and the corpus of the said trust fund be turned over to her absolutely. In the event that my daughter Ruth die before the age of twenty-one, then I direct that upon such decease the corpus of said trust estate be disposed of in accordance with paragraph third."

The general rule of law is, as the trustee contends, that "the father is bound to support his minor children if he be of ability, even though they have property of their own." (*Freeman* v. *Coit*, 27 Hun, 447, 448; affd. in so far as appealed from, 96 N. Y. 63.)

The circumstances before me are similar to those in the above-cited case, where the testatrix left two-thirds of her estate to her executors in trust for any child or children surviving her and directed the trustees "to pay to and for the support, maintenance and education of such child or children, the income thereof, and to pay to such child or to such children the principal and all accumulation thereof when such child or children shall, respectively, attain the age of twenty-one years." The testatrix was survived by only one child, a daughter, whose father was the accounting executor. There was likewise a gift over to others if such child died during minority. The present question of paternal duty arose therein upon objections to items charged in such executor's account for his daughter's support and maintenance.

After approval of the above-quoted rule, the General Term in this department held that the contested items should have been allowed as the provisions of the will before them created a specific exception to such general rule. The court said: "But in the present instance the intention of the testatrix, that the child surviving her should receive the immediate and continued benefit of the income of her two-thirds of the estate, has been clearly expressed in the will, and that intention, by the statute, as well as the general principal of law applicable to wills, is required to be observed and carried into effect. Her direction was positive that the income of this two-thirds should be devoted to the support, maintenance and education of the child, and under this decided and unequivocal direction her father, as executor, was clearly authorized to make that disposition of the income of this portion of the estate, so far as it was required for this purpose." (*Freeman* v. *Coit, supra.*)

Like exceptions to this and other obligations for family support have been upheld: Where an infant's grandfather had bequeathed a sum in trust to apply the income thereof for her support and education, although her father had always maintained her and was able and willing to continue her support and education (*Nahmens* v. *Copely*, 2 Dem. 253); where a trustee was ordered to use part of the trust principal under a discretionary power of invasion for

support of the beneficiary, although she was married and her husband was obligated to support her (*Manning* v. *Sheehan,* 75 Misc. 374, 377); where a widow was held to be entitled to complete maintenance out of a trust estate under testamentary directions to invade the principal if the income be insufficient for such maintenance, although she had remarried and it was the duty of her second husband to support her (*Matter of Gatehouse,* 149 Misc. 648, 650, 659).

The matter before me does not involve the question of the infant's maintenance out of her separate estate, as it would if the trustee had been directed to pay the income to the infant. We are dealing with the intention of the testatrix as unequivocally expressed in her will to expend all the income of her residuary estate for the support and education of her daughter during minority. The testatrix did not give the income to her daughter, nor did she intend its accumulation until her daughter's majority or for the benefit of the contingent remainderman if her daughter die during minority. Whether or not the father is able to fully maintain his daughter is, therefore, now immaterial.

The trustee must carry out the express direction of her testatrix. The income on hand is small and I will not direct its payment to the general guardian, but the trustee is directed to apply it, less her commissions, as well as subsequent net income, in accordance with the command of the testatrix. The trustee is also chargeable with the exercise of care, prudence and good business judgment in determining whether or not to retain the presently non-productive investment of part of the corpus. It is her duty to obtain income for the testamentary purpose, as well as security for the remaindermen, despite the exculpatory provisions of the will.

From the affidavit as to the values of the corporate stocks transferred by the executrix to herself as trustee, the proceeding in this court to settle her executorial account and her present account as trustee it appears that at the date of the latter account, she held the sum of $953.46 as trust principal, in addition to such corporate stocks, and that the gross income then in her hands which should have been applied to the infant's support and education amounted to $136.28.

The trustee will be allowed half commissions on income received since the trust property was transferred to her, and half commissions for receiving the principal as evaluated at the date of receipt by her as trustee. Double commissions are not allowable under the provisions of this will, but the trustee took no commissions as executrix.

Settle decree accordingly.