In the Matter of the Estate of ELLEN MUNCH, Deceased.

Surrogate's Court, New York County, April 10, 1935.

*Charles A. Wolfe*, for the petitioner, Herman W. Munch.

*Maurice J. Schulkind*, for John Kerns, respondent, administrator.

FOLEY, S. The application to vacate the decree granting letters of administration is denied. The claim of the petitioner that he was the adopted son of the decedent has not been supported by

the evidence. The burden of establishing full compliance with the statute authorizing adoptions is placed upon the claimant. (*Smith* v. *Allen*, 161 N. Y. 478; *Matter of Thorne*, 155 id. 140; *Matter of Kirby*, 145 Misc. 756.) The most that has been shown here is the so-called indenture executed on March 6, 1893, whereby the asylum placed the petitioner, then an infant, with the decedent and her husband. It followed the language of the statute incorporating the asylum (Laws of 1872, chap. 635). I hold that the indenture did not constitute an adoption under the law. (*Matter of Thorne*, 155 N. Y. 140; *Middleworth* v. *Ordway*, 191 id. 404; *Matter of Kirby*, 145 Misc. 756.)

The contention of counsel for the petitioner that the decision of the Appellate Division, First Department, in *United States Trust Co.* v. *Hoyt* (150 App. Div. 621), is applicable here, must be overruled. The adoption in that case was by a written agreement of adoption made pursuant to chapter 438 of the Laws of 1884 and entered into between the institution and the foster parents. The instrument in that case was made in 1894. The indenture here was executed in 1893. During this period it was possible, under the law, to have effectuated a valid adoption by an agreement in writing from the institution. No judicial approval was required. An examination of the agreement in the *Hoyt* case, however, shows that it was a formal instrument complying with the terms of the statute of 1884 (Laws of 1884, chap. 438, §§ 7, 8). That statute also authorized an instrument of different character to be executed by the institution and the persons with whom the infant was placed, in nature not constituting an adoption, but actually an indenture for the placing out of the child (Laws of 1884, chap. 438, § 5). The indenture here was of that form. The word " adoption " is not mentioned in it. The instrument was merely a grant of custody during minority of the infant, revocable at the will of the officers of the asylum. The petitioner, therefore, has not established his claim as the lawfully adopted son of the decedent.

Submit decree on notice denying the application accordingly.