■   In the Matter of PAMELA J. VAN ORDER, Appellant, v. EDWARD M. HAWLEY, Respondent.— MEMORANDUM BY THE COURT. Appeal from an order of the Family Court, Broome County, entered April 7, 1969, which modified a prior order by increasing the amount of support payments to be made by

respondent, for the care of his illegitimate child, from $14 per week to $25 per week. In 1962 respondent was judicially declared to be the father of the child and has been making support payments since that time. The present proceeding was brought by the appellant who now seeks an additional increase in support payments. At a hearing before the Family Court it was established that appellant has cared for the child, a girl, now six years of age, since birth. The child is mentally retarded, in need of special education, and has hearing and sight defects, requiring medical attention. Appellant is employed as a parts inspector at a factory, for which her gross salary is $3,380 annually. Respondent is the general manager of a large plant in Puerto Rico with a gross annual income of $20,000. A review of the figures submitted by both parties as to their cost of living makes clear the gross differences in their standard of living. It appears safe to conclude that respondent should have an excess of approximately $4,500 over his expenses in 1970, an amount 50% higher than the total earnings of appellant. It also appears that the child's reasonable expenses, in view of her condition, will be far more than the $1,300 per year which the Family Court awarded. Section 545 of the Family Court Act requires that the putative father pay " a fair and reasonable sum " at fixed intervals for the support of his child. Computation of the amount of support payments necessarily must bear a reasonable relation both to the financial status of the father and the needs of the child. Having given such consideration to the facts of the instant case, especially the fact that the child is mentally retarded and will require special training, the amount of the support award should be increased to $50 per week retroactive from the date of the filing of the petition, March 25, 1969. Order modified, on the law and the facts, so as to increase the amount of the award for the support of the child to $50 per week, and, as so modified, affirmed, with costs to the petitioner. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court.