Isidore Levine, J.
Petitioner herein has brought on the within application to increase the amount presently being paid to her by respondent for the support and maintenance of their out-of-wedlock child.
An order of filiation on admission of the respondent was made on September 18, 1968 and a temporary order of $100 per week was directed.
Thereafter, a written agreement between the parties was entered into, providing among other things, for an order of support in the sum of $100 per week which said agreement was filed with this court on December 27, 1968, on which agreement the court entered the following notation: 1 ‘ Order as stipulated is attached and initialed by the Court ”.
Respondent now contends that this agreement and order of the court as noted, constitute a bar to the proceeding herein by reason of section 516 of the Family Court Act which reads in part as follows:
“ (a) An agreement or compromise made by the mother * * * concerning the support of either [the mother or child] is binding upon the mother and child only when the court determines that adequate provision has been made and is fully secured and approves said agreement or compromise.
“ (b) No agreement or compromise under this section shall be approved until notice and opportunity to be heard are given to the public welfare official of the county, city, or town where the mother resides or the child is found.
“ (c) The complete performance of the agreement or compromise, when so approved, bars other remedies of the mother *608 or child for the support and education of the child.” (Italics supplied.)
It nowhere appears in the court’s records or in the order of ' December 27, 1968, initialed by the court, that:
(a) the support provision for the child herein is 11 fully secured ” or
(b) that “notice and opportunity to be heard” were given to the public welfare official having jurisdiction.
Accordingly, the initialing by the court of the agreement of December, 1968 does not constitute an 1 ‘ approval ” of an agreement or compromise under section 516 of the Family Court Act since the requirements of said section were not met with respect to “security” and “notice and opportunity to be heard ” as heretofore indicated.
In view of the foregoing, section 516 of the Family Court Act is not a bar to the application herein for increased support of the child, if warranted, and accordingly, respondent’s motion to dismiss is denied, and the proceedings herein are directed to proceed in due course.
In passing it should be further noted that even if there were strict compliance with the provisions of section 516 of the Family Court Act the factual situation herein would also require a denial of respondent’s motion to dismiss.
It will be noted that the order of filiation herein was made on consent on September 18, 1968 and that it was only at a later date that the parties entered into the written agreement of support which was initialed by the court on December 27, 1968 which agreement was independent of, subsequent to and not contemporaneous with the prior order of filiation.
As a consequence there was no present consideration given by respondent for the benefits of an order under section 516 of the Family Court Act. Respondent did not induce petitioner to agree to an order of support under such section by agreeing to an order of filiation against him. Respondent had already consented to an order of filiation prior thereto on September 18, 1968. He was therefore not compromising a present doubtful claim of paternity by admitting same in consideration of a binding agreement under section 516 of the Family Court Act which would have prevented any future applications for increased support for the child.
To give such agreement of support the binding effect of an order under section 516 of the Family Court Act as against a child born out of wedlock whose paternity had already been consented to and established would be to discriminate against *609 such illegitimate child vis-á-vis a child born in wedlock whose rights could not be curtailed under section 516 of the Family Court Act.
Accordingly the court holds that section 516 of the Family Court Act would not be applicable in any event to the special factual situation herein.
The learned opinion of Judge Saul Moskoff of the Family Court in the case of Matter of ABC v. XYZ (50 Misc 2d 792) is not to the contrary since in this latter case there was no order of filiation in existence at the time of the approval of the order of support therein.
For a most scholarly analysis of the question of constitutionality of section 516 of the Family Court Act in a situation where the section might be factually applicable, see the decision of Judge Justine Wise Polieb also of the Family Court in the case of Matter of Storm v. None (57 Misc 2d 342) and the decision of the United States Supreme Court in Levy v. Louisiana (391 U. S. 68).
The court, however, as above indicated does not have to pass upon petitioner’s charge of unconstitutionality of section 516 of the Family Court Act since it holds that the factual situation herein does not come within the purview of said section.
Respondent’s motion to dismiss is accordingly denied on the merits.