■ BEVERLY KEYES, Appellant, v. WILLIAM LOWERY, Respondent.— Order unanimously affirmed, without costs. Memorandum: Petitioner appeals from an order of Monroe County Family Court dismissing her petition insofar as it sought to increase the weekly payments which in November, 1968 respondent agreed to pay to petitioner for the support of the two children of the parties, born respectively on July 12, 1964 and December 9, 1966. Under procedure established by article 5 of the Family Court Act (§ 516) with respect to support for children born out of wedlock, petitioner and respondent had entered into an agreement in November, 1968 in which respondent acknowledged that he was the father of said children and agreed to pay $25 weekly for their support until they should become 21 years of age; and after due notice to the Genesee County Commissioner of Social Services, in which county the parties then resided, that agreement was approved by order of Genesee County Family Court, dated January 2, 1969. Since that time the parties have moved to Monroe County. ¶ Petitioner instituted this proceeding in Monroe County Family Court under article 4 of the Family Court Act for modification of the Genesee County Family Court support order. Article 4 provides for support proceedings between spouses and with respect to legitimate children. Petitioner contends that since she and respondent openly lived together for several years in a family relationship with their two children, this article should be applied in this case; and that to apply the lesser standards of article 5 is unconstitutional as violating the children's equal protection rights. ¶ Without reaching the constitutional question, we point out that petitioner has not alleged that respondent's financial circumstances have changed for the better since the Genesee County Family Court order of January 2, 1969, and without such allegation the petition would not be sufficient between married parties in an application to increase support under article 4. Thus, in any event, the petition is insufficient for relief under article 4. ¶ Petitioner also asks the court to review the proceeding underlying the Genesee County Family Court order of January 2, 1969, and to determine that the court lacked sufficient facts to make such order and failed to make appropriate findings of fact to support it. Petitioner did not appeal from that order. She is seeking, therefore, to attack that order collaterally. There is nothing in the record on this appeal to permit us to review the Genesee County Family Court order or to support petitioner's contention. Even if that order were improperly made, this is not the appropriate proceeding in which to attack it. ¶ The order dismissing the petition should, therefore, be affirmed. (Appeal from order of Monroe County Family Court denying motion to modify order of support.) Present — Marsh, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.