Saul Moskoff, J.
The application herein is brought by Martin Beach, respondent in a paternity proceeding which was concluded in 1971. The said respondent seeks an order of this court terminating a prior order of this court, which approved an agreement of compromise made by the parties for the support, education and maintenance of the child Barbara born out of wedlock on April 15, 1970.
An order of filiation was entered against the respondent after trial on October 29, 1970, which prompted the compromise agreement as to support. This agreement was entered into pursuant to section 516 of the Family Court Act, and established a fund of $9,000, to be paid out at regular intervals for the support of Barbara. The agreement was approved by this court on June 9, 1971. On October 15, 1972, the petitioner, Adrianne Rome married Henry J. Simmons. By order of this court dated October 22, 1975, Mr. Simmons became the adoptive father of Barbara.
Respondent Beach’s real objective in seeking to have vacated the order of this court approving the compromise agreement, is, of course, to reclaim the remainder of the fund set up for the support of Barbara, on the grounds that, since she *199 is now the adoptive child of another, he is no longer responsible for her support.
Paragraphs 3 and 6 of the compromise agreement provide, in relevant part, as follows:
"The said sum is to be in full settlement and satisfaction of all claims arising or which may arise in connection with the pregnancy, confinement and recovery of the party of the first part and the support, education and maintenance of the said child.” (Par 3.)
"The [parties] * * * [agree] * * *: (a) That in the event that the infant reaches the age of 21 years, or marries, whichever sooner occurs, any and all balances of principal and/or interest remaining in the account shall be remitted to her forthwith, and (b) In the event that the infant shall die, prior to her marriage, or prior to reaching the age of 21 years, any and all balances of principal and/or interest remaining in the fund shall be remitted to [respondent].” (Par 6.)
The agreement is completely silent as to what effect an adoption of the child would have. Respondent contends that the terms of the settlement agreement should be recognized as establishing a trust fund for the support of the child. Inasmuch as adoption by another abrogates a natural father’s responsibility to continue to support the child, the respondent argues that he is entitled to the remainder of the fund. (Betz v Horr, 276 NY 83; Matter of Munch, 155 Misc 836.)
The petitioner argues that:
(1) The compromise agreement between the parties is a complete and freely executed contract and may not now be modified or revised by reason of the adoption of the child.
(2) The remedy which respondent seeks is equitable in nature, and even if warranted, would require the intervention of a court with general equity powers and is not within the jurisdiction of this court.
(3) Not only is this application not within the jurisdiction of the court, but the relief sought may not, in any event be had on motion.
The court finds that there is merit in the second of the petitioner’s contentions; i.e. that the court lacks jurisdiction to entertain this application and, consequently, the petitioner’s application is denied in all respects.
The respondent herein is seeking relief from an order of this court approving a compromise agreement.
*200 "But since the petitioner is asking relief from an order, CPLR 5015, which deals with applications for relief from a judgment or order, is controlling (Family Ct. Act, § 165). This rule provides five grounds upon which such a motion can be made, but petitioner utterly failed to comply with any of the grounds. There is no allegation in her moving papers of any excusable default, nor of any fraud, misrepresentation, duress, or other misconduct of any adverse party. There is no question of newly discovered evidence.
"So that the only possible ground that is left for the petitioner under said CPLR 5015 is the alleged lack of power of the court to enter the order of dismissal * * * [T]his contention is without merit and must be rejected.” (Matter of Roe v Doe, 51 Misc 2d 875, 880-881.)
None of the requirements for relief under CPLR 5015 are present in the case at bar. This court, however, would have jurisdiction to relieve respondent of its order on the application presented herein if the court had continuing jurisdiction over the compromise agreement. The fact is that Family Court does not have continuing jurisdiction over the agreement so long as it is being complied with.
Section 451 of the Family Court Act provides for continuing jurisdiction in a support proceeding. It has also been held that the Family Court has continuing jurisdiction where an order of support has been made pursuant to section 545 of the Family Court Act. (See Matter of Van Order v Hawley, 34 AD2d 591.) But an agreement of compromise under section 516 of the Family Court Act has a different character. It is not in the nature of a stipulation between parties spread upon the record and then so ordered by the court. It is, rather, a complete contract, that is not so ordered by the court, but simply approved by the court as reflecting an adequate provision for support when made.
The Family Court’s power over such a compromise agreement is strictly, and specifically limited by section 516. The complete performance of the contract bars any other remedies. The petitioner would be as helpless in seeking to have the agreement modified upward on equitable grounds, as is the respondent from seeking a downward modification.
The result is in sharp contrast to the law as to an agreement between parents to support children who are born in wedlock. Such an agreement is always subject to the court’s modification. (Family Ct Act, § 461.) In fact, a number of *201 opinions have been written by some of my most learned colleagues of the Family Court Bench, decrying the distinction between these criteria for modification as invidious and unconstitutional discrimination against children born out of wedlock. (Matter of Storm v None, 57 Misc 2d 342, 345, n 15; Matter of Cady v Beech, 65 Misc 2d 606; Keyes v Lowery, 39 AD2d 829.)
As invidious as such discrimination might be, and as necessary and desirable as might be legislation to remedy this defect, if indeed it be such, legislative action has not, in fact, been forthcoming. This court, a tribunal of limited jurisdiction, is obliged to take the statute as it is written. This court has no jurisdiction to vacate its order of approval so long as (1) the compromise agreement is completely performed, or (2) none of the provisions of CPLR 5015 applies.
Although, at this point, whatever the court has to say about the merits of the respondent’s application would be dicta, nevertheless, with deference to the scholarly memoranda submitted on behalf of both parties, the court makes the following observations.
The court is not impressed with respondent’s argument that the fund established under the compromise agreement represents a trust for the support of the child, which is now revocable upon the child’s adoption by another under the theories of Betz v Horr, and Matter of Munch (supra). Respondent made a bargain to avoid exposure to greater liability for support as his financial circumstances improved. A compromise agreement under the Family Court Act is one of the few issues in Domestic Relations Law that can be settled with relative finality; i. e., without subsequent modification due to changed circumstances. The respondent was protected by the finality of his bargain. No less should the petitioner and her child enjoy the protection of the finality of the bargain.
Moreover, it is patent that the parties contemplated the circumstances under which the negotiated lump sum settlement might be reclaimed by the respondent. It was specifically provided that upon the death of the infant prior to her 21st birthday or prior to her marriage the balance remaining in the fund would be remitted to respondent. No other provision was made with respect to remission of the balance to respondent. It is not unrealistic to presume that the possibility of future adoption of the child was within the contemplation of the parties. Yet the respondent executed the agreement with *202 out specific provision therefor. The court concludes that it was obviously intended that the only circumstances requiring remission to the respondent were those specifically set forth in the agreement.
Respondent’s motion is denied in all respects.