KATHIE J. PETIT, Appellant, v. MARK RATNER, Respondent.

No. 8437

June 30, 1976                                   551 P.2d 426

*Robert K. Dorsey,* Las Vegas, for Appellant.

*Rogers, Monsey, Lea, Woodbury, & Sheehan,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

Appellant Kathie Petit here attacks the district court's decision that NRS 126.280 bars her motion for an increase in child support.[1] Petit originally sued respondent Ratner upon a paternity complaint in September, 1974. The case ended in a judgment pursuant to a "Stipulation" signed only by Petit's counsel.

That stipulation, which recognized Ratner as the father, provided for child support of $50 per month, and for medical expenses of $596.70. Ratner contends such stipulation was an agreement pursuant to NRS 126.280. Thus, he urges, the court correctly determined that he had "bought his peace" through a court approved agreement, and accordingly no modification of child support could be had. We disagree.

Neither the stipulation, nor the court's initial action approving it, reflects any intent to achieve a final compromise of all rights, including rights to a modification if one should become warranted through changed circumstances. Nor does it appear that the stipulation was, as NRS 126.280 requires, "fully secured by payment or otherwise." See Cady v. Beech, 318 N.Y.S.2d 867 (Family Ct. 1971). Thus, it appears to us that the "stipulation" neither satisfied our statute, nor contained the elements of compromise agreements recognized elsewhere.[2]

Reversed and remanded.

---

[1]NRS 126.280 provides:

"1. An agreement or compromise made by the mother or child or by some authorized person on their behalf with the father concerning the support of the child shall be binding upon the mother and child only when adequate provision is fully secured by payment or otherwise and when approved by a court having jurisdiction to compel support of the child.

"2. The performance of the agreement or compromise, when so approved, shall bar other remedies of the mother or child for the support of the child."

[2]See, for example, Roe v. Doe, 51 Misc.2d 875, 274 N.Y.S.2d 501 (Family Ct. 1966); In Re Devine's Estate, 123 N.W.2d 898 (Iowa 1963); Plunkett v. Atkins, 371 P.2d 727 (Okl. 1962).