OPINION OF THE COURT
Bernard E. Stanger, J.
By order to show cause dated March 9,1983, respondent seeks to be relieved of having to defend a proceeding brought by the Department of Social Services on behalf of his former wife, in which the department seeks to collect moneys disbursed by them for the support of respondent’s child. Respondent contends that he has been relieved of further obligation of his child’s support.
The history of this proceeding is that the parties were married in 1966 and a daughter, Elyse, was born of the marriage. The marriage did not endure, and in 1970 the parties obtained a divorce in Rockland County on the ground of separation for a period of more than two years following the filing of a separation agreement and compliance therewith. The decree 'directs that the respondent pay petitioner $15 per week for the support of Elyse, and states in the following language that the payments shall continue “until said child shall reach the age of twenty-one years or sooner marry or become self-supporting.” Presumably, respondent complied with this requirement since the papers before this court are devoid of any reference to support proceedings against him.
*720 Subsequently, respondent’s former wife married one Richard Vinelli, from whom she is now separated, and it is upon Mr. Vinelli that the respondent herein seeks to impose liability for child support.
During 1978, when respondent’s former wife and Richard Vinelli were together, they asked the respondent to consent to the adoption of Elyse by Richard Vinelli. Thereupon, the respondent executed a written irrevocable consent dated January 4,1979 before the late Honorable John F. Skahen in the Surrogate’s Court, Rockland County. The adoption was never completed, presumably by reason of the fact that Richard Vinelli became estranged from respondent’s former wife and she thereafter obtained public assistance from the Rockland County Department of Social Services for both herself and Elyse. They were recipients of such assistance for a period of 85 weeks (March 1, 1981 to Oct. 18, 1982). The Department of Social Services now seeks reimbursement for $1,275 from the child’s natural father (the respondent herein) and commenced the within proceeding.
Respondent claims that he is totally relieved from any obligation for further support for Elyse citing his execution of the January 4, 1979 irrevocable consent for Richard Vinelli to adopt his daughter. This court does not agree with this contention. The irrevocable consent signed on January 4, 1979 is merely a permissive act that conferred upon Mr. Vinelli the right to adopt his stepchild, assuming all other requirements had been met. There is nothing in this consent that required Mr. Vinelli from and after January 4, 1979 to become obligated for the support of the child.
The obligation by a stepparent to furnish such support is a statutory one. At common law, a stepfather did not have an absolute duty to support his minor stepchild. (See People v Fermoile, 236 App Div 388.) The statutory obligation imposing support by a stepparent flows from section 415 of the Family Court Act and it is specifically provided therein that the child must either be liable to or actually be a public charge. In the instant case, that condition precedent, namely, the destitute status of Elyse, has been met, *721 so that this court holds that Richard Vinelli is liable for the support given to Elyse.
The foregoing does not relieve the respondent herein from his obligation, which we deem to be primary in nature. Under section 32 of article 3-A of the Domestic Relations Law, parents are specified as being liable for the support of their child or children under age 21. Obviously, Elyse’s mother, who was equally destitute as her child, was incapable of providing support for Elyse. The obligation, therefore, rested squarely upon the shoulders of the respondent by operation of law. We further note that the divorce decree of 1970 has not been modified and that from this viewpoint, respondent’s obligation is twofold.
The case cited by respondent as authority for relieving himself of the obligation to support Elyse (Matter of Commissioner of Social Servs. of City of N. Y. v Russell, 85 Misc 2d 809) is not on point since that case relates to a situation where a stepparent was unaware of the existence of children of a prior marriage at the time he married.
In sum, this court finds that there is continuing liability by the respondent herein for the support of Elyse. In the event that he shall have been wholly and entirely without resources to supply such support, Mr. Vinelli will be secondarily liable.
The motion to relieve the respondent herein from primary liability to support his natural daughter is denied.