In the Matter of the Claim of VICTORIA J. BIELINSKI, Appellant, v HERMAN UNGERMAN, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, July 26, 1984

**APPEARANCES OF COUNSEL**

*Buckley & Mendelson, P. C.* (*James E. Buckley* of counsel), for appellant.

*Irving L. Schuh* for Karen H. Silano, respondent.

**OPINION OF THE COURT**

YESAWICH, JR., J.

The sole issue on this appeal is whether a child legally adopted by another prior to her natural father's death is entitled to death benefits under section 16 of the Workers' Compensation Law upon the death of the natural father. We conclude that she is not.

On July 18, 1980, Henry J. Bielinski sustained a fatal compensable injury. At the time of his death, he had been married to Victoria J. Bielinski for eight years; they had three children. In April, 1980, three months prior to decedent's death, Karen Hope Bielinski, a child born of decedent's marriage to his first wife, the present Susan Silano, was formally adopted by Susan's new husband. Decedent's consent to the adoption was waived because, on January 30, 1980, he was found to have abandoned the child.

Pursuant to section 16 of the Workers' Compensation Law, death benefits are shared among, *inter alia,* the "surviving child or children of the deceased". The Workers' Compensation Board awarded death benefits to decedent's widow, the three natural children of his second marriage and to Karen Hope Silano, the natural but since adopted child of decedent's first marriage. Decedent's widow challenged the adoptive child's right to receive benefits.

The circumstances presented are factually indistinguishable from *Matter of Shulman v New York Bd. of Fire Underwriters* (15 AD2d 700), wherein this court, in 1962, concluded that the consanguinity implicit in the definition of a "child" under subdivision 11 of section 2 of the Workers' Compensation Law justified awarding death benefits to a decedent's natural child adopted by another prior to the decedent's death. That holding, based as it is on the since amended section 117 of the Domestic Relations Law, no longer has force; however, the logic underlying it, that there is no reason to distinguish "between the statutory devolution of property in the case of intestacy and the succession to a right conferred by the Workmen's Compensation Law" (*Matter of Shulman v New York Bd. of Fire Underwriters, supra,* p 701), retains its cogency.

Section 117 of the Domestic Relations Law, amended in 1963 (L 1963, ch 406), terminated "[t]he rights of a foster child to inheritance and succession from and through his natural parents * * * upon the making of the order of adoption" (see, also, EPTL 4-1.1, subd [f]). By this amendment, the Legislature intended to achieve complete severance of all ties between an adopted child and his natural family and to place "the adopted child so far as possible within the bloodlines of his new family for inheritance purposes" (L 1963, ch 406, n). Excluding the adopted child from receiving compensation benefits as a consequence of the death of the biological parent not only furthers this goal, but also promotes confidentiality with respect to adoptions and the salutary goal of uniformity in the law (*Betz v Horr,* 276 NY 83, 89; *Metropolitan Life Ins. Co. v Trullo,* 95 Misc 2d 556, affd 74 AD2d 1008).

Furthermore, it is the public policy of the State that a parent is not obliged to support his biological child after

the child has been adopted by others (*Betz v Horr, supra,* p 88). Allowing the adopted child to recover here would contravene that policy.

The decision should be modified by reversing so much thereof as awarded benefits to Karen Hope Silano, the matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith, and, as so modified, affirmed.

MAHONEY, P. J., MAIN, MIKOLL and HARVEY, JJ., concur.

Decision modified, without costs, by reversing so much thereof as awarded benefits to Karen Hope Silano, matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith, and, as so modified, affirmed.