Leon S. DOLATA and Robert A. Dolata, Petitioners,

v.

RAILROAD RETIREMENT BOARD, Respondent.

No. 299, Docket 84–4093.

United States Court of Appeals, Second Circuit.

Argued Oct. 19, 1984.

Decided Jan. 8, 1985.

Edward J. Taublieb, Buffalo, N.Y. (Barth, Sullivan & Lancaster, Buffalo, N.Y., of counsel), for petitioners.

Marguerite P. Dadabo, General Atty., Railroad Retirement Board, Chicago, Ill. (Steven A. Bartholow, Deputy General Counsel, Edward S. Hintzke, Asst. General Counsel, Railroad Retirement Board, Chicago, Ill., of counsel), for respondent.

Before OAKES and WINTER, Circuit Judges and CLARIE, District Judge.*

WINTER, Circuit Judge:

Petitioners Leon S. Dolata and Robert A. Dolata seek review of a decision of the Railroad Retirement Board ("Board") denying them a residual lump-sum death benefit payable to them as survivors of their brother, Michael R. Dolata, under Section 6(c)(1)(v) of the Railroad Retirement Act, 45 U.S.C. § 231e(c)(1)(v) (1982).

We reverse and remand with directions to award them the benefit.

## BACKGROUND

The pertinent facts of this case are not in dispute. Leon S. Dolata and Robert A. Dolata are the only siblings and, except for a natural child, the only close relatives of Michael R. Dolata. In 1959, Elizabeth Marie Dolata was born of Michael Dolata's marriage to Marianne Elizabeth Ptak. Michael and Marianne were divorced in 1965. On January 13, 1970, an order of adoption was entered in the Erie County, New York Surrogate's Court, under which Elizabeth

was adopted by her natural mother and her new husband, Charles F. Fraresso. Under New York law, N.Y.Dom.Rel.L. § 117 (McKinney 1977), that adoption terminated the legal relationship of parent and child between Michael Dolata and Elizabeth Fraresso.

Michael Dolata, who was a railroad employee insured under the Railroad Retirement Act, died on December 4, 1979, leaving a lump-sum death benefit to be paid under Section 6(c) of the Railroad Retirement Act, 45 U.S.C. § 231e(c). He left no surviving widow, parent, grandchild, or grandparent. Elizabeth Fraresso applied for the lump-sum benefit on June 1, 1981, and the petitioners applied for the same benefit on November 23, 1981. The Bureau of Retirement Claims paid Elizabeth the benefit and denied the petitioners' claim. On May 16, 1983, petitioners filed an appeal of their claim to the Board's appeals referee who denied it by memorandum opinion. Petitioners then exhausted all further administrative remedies and sought review in this court pursuant to 45 U.S.C. § 231g and § 355(f).

## DISCUSSION

This appeal thus raises a pure question of law. Since no spouse, grandchild, or parent survived Michael Dolata, it is clear that under Section 6 of the Railroad Retirement Act, 45 U.S.C. § 231e(c), the Dolata brothers would be entitled to the benefit if there is no legal child.[1] The Railroad Re-

---

* The Honorable T. Emmet Clarie, Senior United States District Judge for the District of Connecticut, sitting by designation.

1. 45 U.S.C. § 231e(c) provides, in pertinent part:
   (c) Payments in the absence of further benefits
   (1) Whenever it shall appear, with respect to the death of an employee, that no benefits, or no further benefits (other than benefits payable to a widow, widower, or parent under either this subchapter or the Social Security Act [42 U.S.C. § 301 et seq.] upon attaining the age of eligibility therefor at a future date) will be payable under this subchapter or under the Social Security Act, a lump sum in an amount computed under subdivision (2) of

this subsection shall be paid to such person or persons as the deceased employee may have designated by a writing filed with the Board prior to his or her death, or if there be no designation, to the following person (or, if more than one, in equal shares to the persons) whose relationship to the deceased employee will have been determined by the Board and who will not have died before receiving payment of the lump sum provided for in this subdivision—
   (i) the widow or widower of the deceased employee who was living with such employee at the time of such employee's death; or
   (ii) if there be no such widow or widower, to any child or children of such employee; or

tirement Act adopts the provisions of the Social Security Act for purposes of determining whether an applicant is the child of a deceased employee,[2] which in turn provides that the question is to be governed by the law of the state where the employee was domiciled at the time of his death.[3] Michael Dolata died while domiciled in New York. New York Domestic Relations Law § 117 provides that adoption terminates the right of a natural child to take from his natural parent in intestate succession:

§ 117 Effect of Adoption

1. After the making of an order of adoption the natural parents of the adoptive child shall be relieved of all parental duties toward and of all responsibilities for and shall have no rights over such adoptive child or to his property by descent or succession, except as hereinafter stated.

The rights of an adoptive child to inheritance and succession from and through his natural parents shall terminate upon the making of the order of adoption except as hereinafter provided. . . .

2. This section shall apply only to the intestate descent and distribution of real and personal property and shall not affect the right of any child to distribution of property under the will of his natural parents . . . or under any inter vivos instrument heretofore or hereafter executed by such natural parent . . . or kindred.

---

(iii) if there be no such widow, widower, or child, to any grandchild or grandchildren of such employee; or

(iv) if there be no such widow, widower, child, or grandchild, to any parent or parents of such employee; or

(v) if there be no such widow, widower, child, grandchild, or parent, to any brother or sister of such employee; or

(vi) if there be no such widow, widower, child, grandchild, parent, brother or sister, to the estate of such employee.

**2.** 45 U.S.C. § 231e(a)(7) provides:

(7) In determining for purposes of this subsection and subsections (c) and (d) of this section whether an applicant is the widow, widower, child, or parent of an employee as claimed, the rules set forth in section 216(h) of the Social Security Act [42 U.S.C. § 416(h) ] shall be applied.

*See also In re Bielinski v. Herman Ungerman, Inc.*, 103 A.D.2d 73, 479 N.Y.S.2d 585 (1984). However, New York law simultaneously confers on the child the right to take in intestate succession from his or her adoptive parent. N.Y.Dom.Rel.Law § 117.

In affirming the award to Elizabeth Fraresso, the Board did not apply New York State law but relied instead on the so-called "deemed child" provisions of the Social Security Act. Those provisions, entitled "Qualification of Children Not Qualified Under State Law," were enacted in 1965, as part of a series of extensive amendments to the Social Security Act. The deemed child amendment provides:

(3) An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, shall nevertheless be deemed to be the child of such insured individual if: . . .

(C) in the case of a deceased individual—

(i) such insured individual—

(I) had acknowledged in writing that the applicant is his or her son or daughter,

(II) had been decreed by a court to be the mother or father of the applicant, or

(III) had been ordered by a court to contribute to the support of the applicant because the applicant was his or her son or daughter,

**3.** 42 U.S.C. § 416(h)(2)(A) provides:

(2)(A) In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

and such acknowledgment, court decree, or court order was made before the death of such insured individual, or

(ii) such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.

42 U.S.C. § 416(h)(3).

The Board argues that Elizabeth falls under part (ii) of this section, citing a Board General Counsel Opinion, *Quinton v. Garrett*, No. L–78–264.3. We disagree.

■ We first consider whether the deemed child provisions apply to legitimate children such as Elizabeth who are later adopted by someone else. We conclude that they do not and that they were enacted to provide rules of eligibility for benefits, uniform across state lines, with regard to illegitimate children. The pertinent legislative history describes this purpose of the amendment:

(j) Definition of child

The bill provides that a child be paid benefits based on his father's earnings without regard to whether he has the status of a child under State inheritance laws if the father was supporting the child or had a legal obligation to do so. Under present law, whether a child meets the definition for the purpose of getting child's insurance benefits based on his father's earnings depends on the laws applied in determining the devolution of interstate (sic) personal property in the State in which the worker is domiciled. This provision would be effective for the second month after the month of enactment. It is estimated that 20,000 individuals (children and their mothers) will become immediately eligible for benefits under this provision.

10. DEFINITION OF CHILD

Under present law, whether a child meets the definition of a child for the purpose of getting child's insurance benefits based on his father's earnings depends on the laws applied in determining the devolution of intestate personal property in the State in which the worker is domiciled. The States differ considerably in the requirements that must be met in order for a child born out of wedlock to have inheritance rights. In some States a child whose parents never married can inherit property just as if they had married; in others such a child can inherit property as the child of the man only if he was acknowledged or decreed to be the man's child in accordance with requirements specified in the State law; and in several States a child whose parents never married cannot inherit his father's intestate property under any circumstances. As a result, in some cases benefits must be denied where a child is living with his mother and father in a normal family relationship and where neither the child nor his friends and neighbors have any reason to think that the parents were never married.

The committee believes that in a national program that is intended to pay benefits to replace the support lost by a child when his father retires, dies, or becomes disabled, whether a child gets benefits should not depend on whether he can inherit his father's intestate personal property under the laws of the State in which his father happens to live. The committee has therefore included in the bill a provision under which benefits would be paid to a child on the earnings record of his father, even though the child cannot inherit the father's intestate property, if the father had acknowledged the child in writing, had been ordered by a court to contribute to the child's support, had been judicially decreed to be the child's father, or is shown by other evidence satisfactory to the Secretary of Health, Education and Welfare to be the child's father and was living with or contributing to the support of the child.

S.Rep. No. 404, 89th Cong., 1st Sess. 1, 17, 109–110, *reprinted in* 1965 U.S.Code Cong. & Ad.News, 1943, 1958, 2049–50. The Supreme Court, in upholding the constitutionality of the deemed child provisions in *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976), recognized

that these provisions were intended to provide illegitimate children who were dependent on a parent with a means of establishing paternity after that parent's death. In contrast to the Board, we do not read these provisions to provide an additional mechanism for establishing paternity when a child already has legitimate parents under state law under § 416(h)(2)(A). Such a strained reading would allow a child who was subsequently adopted to take from two sets of parents, a result surely not intended by the 1965 amendment. We thus regard the purpose of the deemed child provisions to be that of setting forth uniform rules for establishing a parent-child relationship where one has not previously existed.

We also note that the structure and relationship of the provisions in question fully supports our conclusion that the statute does not apply to legitimate children of an insured later adopted by another. We recognize that a hypertechnical reading of Section 416(h) might seem to allow an adopted child who was not entitled under state law to take from his or her natural parent under § 416(h)(2)(A) to resort to § 416(h)(3)(C), which literally covers sons or daughters not deemed to be children under § 416(h)(2). We are unconvinced, however, that such language applies to children other than those who have never had a legally recognized parent-child relationship with the insured.

█ Moreover, Elizabeth appears to be expressly barred from taking the lump sum award by the terms of the statute. Although the Board argues on appeal that its award to Elizabeth falls under part (ii) of the subsection, that provision explicitly requires that Michael Dolata be living with or contributing to the support of the applicant at the time of his death. Michael Dolata was doing neither, and we are not persuaded by the Board's contention that since the lump sum award is in effect a refund of contributions rather than income support, the requirement of dependency is either irrelevant or may be waived by the Board. As described above, the legislative history clearly indicates otherwise. We thus believe that such a showing of dependency is a necessary condition to a lump sum award under § 416(h)(3)(C)(ii).

Other provisions of § 416(h)(3)(C) confirm our view. Part I requires an acknowledgement of paternity in writing, which was neither provided here nor is seemingly relevant to the case of a natural and legitimate child at birth such as Elizabeth. Part II requires a court decree stating that the insured is the parent. No such decree is possible where a later adoption by another has occurred. Part III requires a court ordered support decree, which was rendered impossible under New York law by Elizabeth's adoption so far as Michael Dolata is concerned. N.Y.Dom.Rel.L. § 117.

Thus, while the clear ineligibility of Elizabeth under the deemed child provisions is an independent ground for reversal, we also note that the structure and relationship of the statutory provisions supports our conclusion that they were not intended to apply to legitimate children later adopted by another and eligible to take from the adoptive parent under § 416(h)(2)(A). We therefore reverse and remand with directions to award the benefits in question to petitioners.