In the Matter of SHIRLEY HARVEY-COOK, as Commissioner of the Orange County Department of Social Services, Appellant, v ALBERT NEILL, Respondent.

Second Department, June 23, 1986

APPEARANCES OF COUNSEL

*James G. Sweeney, County Attorney (John J. Lee* of counsel), for appellant.

**OPINION OF THE COURT**

WEINSTEIN, J.

The issue presented for our resolution is whether the Family Court erred in determining that the respondent natural father had no duty to contribute to the support of a child whom he had voluntarily surrendered to the custody of the Orange County Department of Social Services but who had not yet been adopted at the time the instant proceeding for support was commenced. Pursuant to a voluntary placement agreement executed by the respondent on or about November 19, 1980, the natural father was apprised of his duties to visit the child at reasonable intervals, to plan for the child's future and to help pay for the child's support as far as he was able. The document also advised the respondent that he could request the return of his child at any time.

By order dated March 25, 1981, the Family Court, Orange County (Mazzeo, J.), approved the voluntary placement agreement and the transfer of custody to the Orange County Department of Social Services. The respondent thereafter executed a "Surrender of Guardianship and Custody" form (hereinafter surrender agreement) whereby he authorized the agency "to place the child in an adoptive home or to otherwise assume all parental responsibilities for such child". Although the surrender agreement was officially designated "Surrender of Guardianship and Custody of Child by Both Parents", the child's mother did not execute it and there is no indication on record as to whether or not it was opposed by her.

On or about September 6, 1983, the Commissioner of the Orange County Department of Social Services commenced a

proceeding for support against the respondent pursuant to Family Court Act article 4. The respondent thereafter moved for dismissal of the petition on the ground that his execution of the surrender agreement effectively released him from any further parental obligations of support. In opposition to that motion, the petitioner cited 18 NYCRR 422.1, which pertains to parental support of children receiving foster care, for the proposition that a parent remains liable for the support of a child until such time as that child is legally adopted.

By order entered March 7, 1984, the Family Court, Orange County (Slobod, J.), found that, by virtue of the 1982 surrender agreement, the respondent had relinquished all parental rights to his child pursuant to Social Services Law § 384. In the language of the court: "When ones [sic] parental rights are terminated subject to the rule of law, the concomitant parental obligations also terminate. Any other finding would be inadequate and violative of statutory law". The Commissioner now appeals from the dismissal of her petition for support.

In its ruling, the Family Court effectively equated the mere surrender of a child to an authorized agency, short of adoption, with the relinquishment of all parental rights and obligations, including the parental duty of support. Inasmuch as this fails to comport with the unequivocal language of the rules and regulations of the New York State Department of Social Services, it was error to have dismissed the petition and thereby to have excused the respondent from performing his duty of support.

A parent's duty to support his minor child according to his means is firmly established (Family Ct Act § 413 [1]). For purposes of resolving the instant appeal, it is imperative to ascertain the circumstances under which said duty can lawfully be terminated.

It is beyond cavil that the formalized adoption of a child abrogates the responsibility of the natural parent to continue to support that child (Domestic Relations Law § 117; *Betz v Horr,* 276 NY 83; *Matter of Munch,* 155 Misc 836; Besharov, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 413, p 5 [1986 Pocket Part]). It has been declared the public policy of this State that a parent is not obligated to support his biological child after that child has been adopted by others *(see, Matter of Bielinski v Herman Ungerman, Inc.,* 103 AD2d 73, 74-75; *Matter of Rome v Beach,* 87 Misc 2d 197, 199). On the other hand, the

voluntary placement of a child in foster care does not serve to extinguish the parental duty of support *(see, Matter of Department of Social Servs. v Joseph R.,* 82 AD2d 885; *Andrews v County of Otsego,* 112 Misc 2d 37, 42; *Rockland County Dept. of Social Servs. v Brust,* 102 Misc 2d 411). The situation in the instant case, however, does not precisely fit into either of the aforementioned alternatives.

While it is undisputed that no adoption had occurred in this case at the time of the commencement of the support proceeding, the respondent had executed a surrender agreement whereby he authorized the agency to place the child for adoption or to otherwise assume all parental responsibilities for him. Arguably, this is more closely akin to a relinquishment of parental rights than is the surrender of an infant for temporary placement in foster care. It has been recognized that the voluntary placement of a child in foster care is entirely distinct from the " 'surrender' of both 'the guardianship of the person and the custody' of a child under Soc. Serv. Law § 384, which frees the child for adoption" *(Smith v Organization of Foster Families,* 431 US 816, 827, n 19, making reference to Social Services Law § 384 [2]). From that posture, the respondent maintains that his execution of the 1982 surrender agreement effectively released him from any parental obligations of support. In view of the paucity of case law in this area and the dearth of appellate authority precisely on point, two Family Court decisions, although clearly not binding authority, are illustrative and bear noting at this time.

In *Matter of Vinelli v Van Dorpe* (118 Misc 2d 719), the Family Court, Rockland County, found that the respondent natural father had a continuing obligation to support his child notwithstanding the fact that he had executed an irrevocable consent to the adoption of that child by the former wife's new husband. The duty of the natural parent to support his child, which duty was deemed "primary in nature", was not relieved absent a finalized adoption *(Matter of Vinelli v Van Dorpe, supra,* at p 721). Similarly, the Family Court, Kings County, held that a natural father was still required to support his children notwithstanding the execution of an agreement by the stepfather to adopt them *(Matter of "Smith" v "Jones",* 43 Misc 2d 350). The reasoning advanced by that court is likewise illustrative with respect to the instant issue.

"Both at common law and by statute New York has always

treated a father as absolutely responsible in keeping with his ability for the support of his dependent minor child and there is no doubt whatever that neither a separation agreement nor a final decree of divorce, nor a remarriage, nor the fact that the mother has legal custody of the child terminates that liability. (Family Ct. Act, §§ 413, 461; Social Welfare Law, § 101; *Landes* v. *Landes,* 1 N Y 2d 358, 365; Penal Law, § 482.) An article in the Brooklyn Law Review (vol. 27, p. 284 [April, 1961]) entitled 'Support of the Child' deals extensively with this duty of support. A father cannot contract away his duty to support his child with either the mother or a third person *(D.M.E.* v. *D.D.E.,* 179 Misc. 406; *'Fulde'* v *'Stone',* 196 Misc. 732, revd. on other grounds 277 App. Div. 1123), that the father's obligation continues even if his child has property *(Matter of Cohn,* 153 Misc. 757), or the mother has property *(Langerman* v. *Langerman,* 203 Misc. 230), and a father cannot escape legal liability to support a child or a contract to pay a periodic sum for such support by bankruptcy *(Dunbar* v. *Dunbar,* 190 U.S. 340). Section 437 of the Family Court Act provides that a father is presumed to have sufficient means to support his minor children. These are examples of how seriously the law looks upon his duty to support.

"How can a father be relieved of this duty? The answer appears to be one or more of the following: emancipation, marriage, adoption, abandonment of the father by a child who is physically and mentally able to take care of himself, a statute, or a court decree. None of these elements are present here.

"While an agreement to adopt is not against public policy and is a part of adoption proceedings, it does not terminate the father's duty to support. A father is relieved only after an order of adoption has been signed and filed *(Matter of Much,* 155 Misc. 836; Domestic Relations Law, § 117). It is only then that the foster parents become responsible for the child and the duties imposed upon the natural parents cease entirely. *(Betz* v. *Horr,* 276 N.Y. 83.) There was no adoption order made in this case. In fact no such proceedings were ever started. Certainly, respondent cannot compel the adoption by an action for specific performance *(Bardorf* v. *Rebecca Talbot-Perkins Adoption Soc.,* 240 App. Div. 275). Moreover, the alleged adoption agreement here falls short of the usual wording in an agreement to adopt since the foster father has failed to agree to treat the children as his own, to assume the duties of a father toward them, to agree that he shall support them and

that they shall be his heirs. *(Matter of Bamber,* 147 Misc. 712.)" *(Matter of "Smith" v "Jones", supra,* at pp 352-353.)

The above language supports the view that a minor's right of support does not end until a formal adoption occurs. Said view is also consistent with departmental policy as a reasonable construction of the regulations of the New York State Department of Social Services reveals. The salient provisions authorizing the petitioner to seek parental support for children in foster care are embodied in 18 NYCRR 422.1 through 422.4. The regulations define the term "parent" as follows: "A *parent* shall mean an individual who is the biological or adoptive mother or father of a child whose guardianship and custody or care and custody has been transferred by the parent to an authorized agency, as that term is defined by section 371.10 of the Social Services Law, pursuant to section 384 or 384-a of the Social Services Law or article 7 or article 10 of the Family Court Act. Such person shall be deemed a parent for purposes of this Part, until parental rights have been surrendered pursuant to section 384 of the Social Services Law or terminated pursuant to section 384-b of such law *and the child is subsequently adopted"* (18 NYCRR 422.1 [a]; emphasis supplied, in part).

The aforesaid language unequivocally provides that an authorized agency, in cases governed by Social Services Law § 384-b, may seek parental support from a biological parent until such time as his or her child is actually adopted. Social Services Law § 384-b covers the situation in which a child is committed to the custody of an agency by court order and is inapplicable here. Social Services Law § 384, also mentioned in the regulation, was invoked in the instant case inasmuch as the respondent voluntarily surrendered the child for adoption. In applying 18 NYCRR 422.1 to the facts at bar, the Family Court merely read the words "until parental rights have been surrendered pursuant to section 384" and went no further, thus concluding that the respondent was no longer a "parent" liable for support within the meaning of the regulation. We cannot espouse the logically inconsistent result to which the Family Court's interpretation of 18 NYCRR 422.1 ineluctably leads. Contrary to the Family Court's determination, logically the phrase "and the child is subsequently adopted" modifies both voluntary surrenders under Social Services Law § 384 and court commitments under Social Services Law § 384-b. If the pertinent regulation were to actually be construed in the manner advocated by the Family Court, the end result would

be that parental duties of support immediately cease upon the execution of a voluntary surrender but do not cease until actual adoption where the court terminates parental rights and commits the child to an authorized agency's care. Inasmuch as 18 NYCRR 422.1 requires parental support for a child committed by the court to an authorized agency, as, for example, in cases of permanent neglect or abandonment (Social Services Law § 384-b [4]), until adoption occurs, there is no reason why a concomitant duty of support should not also devolve upon a natural parent who voluntarily surrenders his child pursuant to Social Services Law § 384. A contrary interpretation would result in an incongruous situation which would violate the underlying purpose of the regulation without any rational basis for the distinction drawn between voluntary surrenders and court commitments.

In conclusion, we interpret the regulation as providing that the respondent's support obligation continues until such time as his child is legally adopted. Our holding is a logical corollary of the widely accepted tenet that a valid adoption of a child, rather than some proceeding incident thereto short of formal adoption, terminates the natural parent's support obligation. In view of these principles, the Family Court, Orange County, erred in dismissing the petition for support. Accordingly, the petition should be reinstated and the proceeding should be remitted to that court for further proceedings consistent herewith.

MOLLEN, P. J., LAZER and RUBIN, JJ., concur.

Order of the Family Court, Orange County, entered March 7, 1984, reversed, without costs or disbursements, the respondent's motion to dismiss denied, petition reinstated, and matter remitted to the Family Court, Orange County, for further proceedings consistent with the opinion herewith.