■ SUSAN MACKENZIE, Appellant, v NORMAN MACKENZIE, Respondent.—Order affirmed without costs for reasons stated at Supreme Court, Erie County, Heffron, J.H.O.

All concur, except Balio, J., who dissents and votes to modify, in the following memorandum.

Balio, J. (dissenting). I respectfully dissent. In October 1978, the parties entered into a separation agreement whereby defendant agreed to pay child support in the sum of $30 per week for each of his twin sons (then aged six) and $10 per week in alimony. At that time, plaintiff was earning $7,176 annually, and defendant was earning $16,500. After the divorce in 1979, defendant remarried and now resides with his stepdaughter (age 10 at hearing) and daughter (aged four) of the current marriage. Petitioner commenced the instant proceeding for an upward modification of child support in 1986. At the time of the hearing, plaintiff was earning $15,000 annually, as well as $3,640 in alimony and support. She had also received an income tax refund of $750. Defendant had a 1985 gross income of $35,250 and had received income tax refunds of about $2,000.

The Judicial Hearing Officer found that the increased needs of two teen-age (14 years old) boys warranted an increase in support, but that defendant father had no ability to pay for any increase. In reaching that conclusion, the court considered defendant's expenses in supporting his current wife's child by a prior marriage. That was error. Support of that child is the primary obligation of her biological parents, not the defendant (Matter of Vinelli v VanDorpe, 118 Misc 2d 719, 721; see also,

Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 415, at 105). Defendant's responsibility to support his stepchild is subordinate to a preexisting obligation to support his biological children, and the expense of supporting the stepchild should be disregarded in reaching a determination of defendant's ability to provide increased support. The court further erred by including part of the monthly charge card payments as expenses. Defendant conceded that part of those payments went toward the purchase of clothing, which was a separate expense item. In effect, the court included that expense item twice. In my view, defendant has an ability to increase his weekly payments from $30 to $50 per week for the support of each child, and I would reverse the order and grant an upward modification to that extent. I would also direct defendant to pay $500 in partial satisfaction of plaintiff's counsel fees. (Appeal from order of Supreme Court, Erie County, Heffron, J.H.O.—upward modification.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.