OPINION OF THE COURT
Joan S. Kohout, J.
A petition has been filed by Lisa W. requesting the termination of visitation between her former husband and their two *360 children. More particularly, the petitioner requests a modification of the divorce decree signed on May 20, 1991 which granted certain visitation rights to the respondent.
The respondent has moved for a dismissal of the action on the ground that he has executed a consent for the children to be adopted by petitioner’s husband and that he, therefore, has no visitation rights to be suspended. In response petitioner maintains that the execution of an adoption consent pursuant to Domestic Relations Law § 115-b does not automatically terminate a parent’s right to visitation, especially when that right has been established by court order.
Although respondent does not cite any specific statutory provision under which he requests a dismissal of the action, the court in its discretion will consider the motion to be a preanswer motion to dismiss pursuant to CPLR 3211 (a) (1) on the ground that a defense is based upon documentary evidence, i.e., the adoption consent executed by the father.
The facts in the case are undisputed. The parties were divorced by a decree dated May 20, 1991 which granted Mr. M. visitation as outlined in the stipulation of the parties. Pursuant to the stipulation, the father is entitled to reasonable visitation with Rachel born May 4, 1984 and Sarah born April 7, 1986. At some point early in 1993 Ms. W. requested that Mr. M. execute adoption consents so that her current husband could adopt the girls. On May 10, 1993 the consents were executed by Mr. M., although it appears that they were not immediately forwarded to Ms. W. No adoption petition has been filed as of this time.
The consents executed by Mr. M. clearly state that he relinquishes all rights to maintain an action for the return of custody of his children unless a proper revocation is executed within 45 days of the signing of the consent. In this case no such revocation was signed so the consents are now irrevocable. (Domestic Relations Law § 115-b [3].) Although the consents do not specifically address visitation, implicit in the relinquishment of parental rights is the termination of visitation. Once an adoption is finalized the biological parent has no enforceable right to visitation or contact with the child. While a few New York courts have permitted postadoption visitation, these cases appear to involve situations where the adoptive parents have no opposition to the contact. (See, e.g., Matter of Raana Beth N., 78 Misc 2d 105 [1974]; see also, Matter of Gerald G. G., 61 AD2d 521 [2d Dept 1978]; Matter of Jennifer, 142 Misc 2d 912 [1989].)
*361 There was no provision in the consents executed by Mr. M. for continuing contact or visitation with Rachel or Sarah. Consequently, the court finds that by executing the consents Mr. W. relinquished all visitation rights with the children. His relinquishment of visitation is in contrast to his ongoing obligation to support the children until the time they are adopted by their stepfather. (Matter of Harvey-Cook v Neill, 118 AD2d 109 [2d Dept 1986]; Matter of Vinelli v Van Dorpe, 118 Misc 2d 719 [1983]; Matter of Smith v Jones, 43 Misc 2d 350 [1964].)
Based upon the foregoing, respondent’s motion is granted and the petition is dismissed on the ground that Mr. W. has relinquished his visitation rights due to his execution of the now irrevocable adoption consent. The court reserves decision on respondent’s request for counsel fees pending submission by respondent’s counsel of proper affidavits in support of such an application. Petitioner will be permitted time to respond to those affidavits and if necessary a hearing will be scheduled to resolve the issues.