◼ In the Matter of the DEPARTMENT OF SOCIAL SERVICES, on Behalf of CLAUDIA R., Appellant, v JOSEPH R. et al., Respondents. — In a proceeding by the Commissioner of Social Services of Rockland County to compel the respondent parents to contribute to the cost and maintenance of their child in foster care, petitioner appeals from an order of the Family Court, Rockland County (Miller, J.), dated March 4, 1980, which dismissed the proceeding upon determining that the educational needs of the child were being met by the local school district as required by the Education Law. Order reversed, without costs or disbursements, and matter remanded to the Family Court, Rockland County, for a hearing consistent herewith. The record in this proceeding is insufficient to permit us to resolve the issues on appeal (see Matter of Yurich v Bernstein, 75 AD2d 821). A reading of the record before us does not support the Family Court's conclusion that the local school district's committee on the handicapped recommended the residential and educational placements that currently exist. In fact, the involvement of the committee on the handicapped in determining the above is conspicuously absent from the record. Therefore, a hearing is necessary to determine whether the committee recommended such placements. To facilitate a resolution of this matter, we note that if the child's placement by the local school district is other than placement in a residential school (see Education Law, § 4401, subd 2, pars e-j; § 4402, subd 2, par b, cl [2]), her parents may be required to contribute to her support since she has been voluntarily placed in foster care (see Education Law, § 4401, subd 2; § 4405, subd 1, par a; Family Ct Act, § 413; Social Services Law, § 101, subd 1; see, also, Matter of New York City Dept. of Social Servs. v Teich, 79 AD2d 898; Matter of New York City Dept. of Social Servs. v Julia T., 103 Misc 2d 1075). The record indicates that support has been provided by the parents to the extent that they take the child home almost every weekend and on school holidays, purchase her clothing and personal items, and take her for haircuts. In addition, the parents support two other children, one of whom also is retarded. With those factors in mind, and any additional factors that may be brought out at the hearing, the Family Court must determine what, if any, additional support should be provided by the parents if placement in a residential school has not occurred. Titone, J. P., Lazer, Weinstein and Thompson, JJ., concur.