OPINION OF THE COURT
Jeffry H. Gallet, J.
Petitioner objects to the order (Nancy Samotin, H.E.) which *210 terminated the order of child support of December 12, 1988 (Eileen P. Schnabel, H.E.). The objections are sustained and the order terminating the December 12, 1988 order of child support is vacated and the order of child support is continued.
THE FACTS
The child was born out of wedlock on September 17, 1987 and shortly thereafter began to receive support from the petitioner Commissioner of Social Services. On October 13, 1988, the Commissioner commenced a proceeding to declare the respondent the child’s father and to collect child support from him.
The third paragraph of the Commissioner’s petition alleges that she had received an assignment from the child’s mother and that the child is or is likely to become a public charge. The petition prayed for child support.
On September 12, 1988 Hearing Examiner Schnabel entered both an order of filiation and an order of child support, both on the father’s consent.
On February 28, 1990, a child protective proceeding pursuant to article 10 of the Family Court Act was commenced against the child’s mother resulting in the May 29, 1990 order placing the child in foster care (Joseph M. Lauria, J.). It would appear that the father was neither a respondent nor an intervenor in that proceeding.
On February 28, 1991 the father moved to terminate his order of child support effective May 29, 1990 and for a refund of all child support paid to the Commissioner from that date.
The essence of the father’s argument in support of his motion is that since the Commissioner was acting, at least in part, as the assignor of the custodial mother when the original order of support was entered, it should be vacated because the Commissioner now has custody of the child. There is no dispute that the Commissioner has continued to support the child during the entire time in issue.
DISCUSSION
As Justice Sir William Blackstone so elegantly set forth in his commentaries: "The duty of parents to provide for the maintenance of their children is a principle of natural law * * * By begetting them, therefore, they have entered into a voluntary obligation to endeavor, as far as in them lies, that *211 the life which they have bestowed shall be supported and preserved. And thus the children will have the perfect right of receiving maintenance from their parents * * * The municipal laws of all well-regulated states have taken care to enforce this duty” (1 Blackstone’s Commentaries, at 446 [Sharswood ed 1891]; emphasis in original).
In New York State, a parent is absolutely liable for support of his or her child. (Family Ct Act § 1012 [¶] [i] [A]; §§ 413, 513.) The duty to support continues even if the child is receiving public assistance. (Family Ct Act §§ 415, 545.) By statute, the duty extends to children placed in foster care. (Social Services Law § 398 [6] [d].) Only the parent of a child born out of wedlock who executes a surrender of the child for adoption is relieved of liability for support. (Social Services Law § 398 [6] [f].)
It is undisputed that this child has been supported by the Commissioner of Social Services virtually all of her life. Although her father’s name appears on her birth certificate, he did not begin to support her until the Commissioner obtained an order of filiation and an order of support. She was subsequently removed from her mother’s custody and placed in foster care by a proceeding in which her father was neither an intervenor nor a respondent. Even though there was no finding of parental incompetence against him, he declined to request that his child be released in his custody. (See, Matter of Alfredo S. v Nassau County Dept. of Social Servs., 172 AD2d 528 [1991].)
Although he concedes his responsibility to support his daughter, the father argues that he need not contribute to her support from the date the child was placed in foster care until the date the Commissioner commences a new support proceeding. His argument is that since the Commissioner no longer gives the child support to the mother as the child’s custodian and, rather, gives it to a foster care caretaker, his obligation under the original order ends. That argument must fall both as a matter of law and as a matter of logic.
The petition underlying this proceeding alleges that the father was failing to support his daughter. It states further that her mother, who would otherwise have been her sole support, had also failed to support her and that the Commissioner had undertaken that responsibility.
The petition goes on to allege that had the mother, as the child’s guardian and custodian, been able to fulfill her obliga *212 tian to support the child, the father would have had an obligation to reimburse her for some of her child support costs, and, since the Commissioner had stepped into her shoes, the Commissioner was entitled to contribution.
The "placement of a child in foster care does not serve to extinguish the parental duty of support.” (Matter of Harvey-Cook v Neill, 118 AD2d 109, 112 [2d Dept 1986]; Matter of Department of Social Servs. v Joseph R., 82 AD2d 885 [2d Dept 1981].) Indeed, although the Commissioner has custody of the child in foster care, legal guardianship remains with the parent. (Smith v Organization of Foster Families, 431 US 816 [1977].) Neither the Commissioner’s nor the mother’s obligation to pay child support has changed.
It is important to note that, in essence, the order of support is in favor of the child, not her mother, the Commissioner or the foster parent. A custodial parent, a foster parent or the Commissioner of Social Services are no more than conduits of that support from the noncustodial parent to the child. (Matter of Figliola, 81 Misc 2d 979 [Sur Ct, Monroe County 1975].) The Commissioner’s position as conduit of child support remains unchanged.
Respondent’s nonparticipation in the transfer of the child to the Commissioner of Social Services does not affect his obligation to support the child. (Rockland County Dept. of Social Servs. v Brust, 102 Misc 2d 411 [Fam Ct, Rockland County 1979].) Indeed, the entire statutory scheme is based on the premise that a parent should not be permitted to avoid the obligation of child support. (Matter of Darene H. v Patricia S., 90 Misc 2d 558 [Fam Ct, Kings County 1977].) Any other interpretation of the statutory scheme would lead to an absurd, unjust and unreasonable result and must be rejected. (Zappone v Home Ins. Co., 55 NY2d 131 [1982].) The statutory child support scheme must be applied as intended by the Legislature. (New York State Bankers Assn. v Albright, 38 NY2d 430 [1975].)
DECISION
Accordingly, the petition to vacate the order of support must be dismissed. This dismissal is without prejudice to the father’s right to move for a decrease in his support obligations based on the change in his circumstances or the Commissioner’s right to make a similar application for an increase if the father’s income or her level of support for the child have increased.
*213 This matter is remanded to Hearing Examiner Samotin. Parties are directed to appear before the Hearing Examiner on November 12, 1991 for a calculation of the moneys due the Commissioner and the entry of an appropriate order for payment of that sum.