■ In the Matter of JAMEL P., a Person Alleged to be a Juvenile Delinquent, Appellant. [615 NYS2d 675] —Order, Family Court, New York County (George Jurow, J.), entered on or about December 3, 1993, which adjudicated respondent a juvenile delinquent following a fact-finding hearing which determined that he committed acts which if committed by an adult would have constituted the crimes of attempted robbery in the first degree and criminal possession of a weapon in the second degree and related crimes, and ordered him placed with the Division for Youth for up to eighteen months, with a minimum of six months in secure detention, unanimously reversed, on the law and on the facts, and the petition dismissed, without costs.

Since the parties agree that respondent's right to a speedy fact-finding hearing pursuant to Family Court Act § 340.1 (1) was violated, the only remaining issue is the proper remedy to be applied, release from detention or dismissal of the petition.

The presentment agency argues that an analogy should be drawn to the adult speedy trial provisions (CPL 30.30) where the time limitation for bringing a defendant to trial is shorter if he is incarcerated. Where there is a violation of the shorter

time limitation for an incarcerated defendant, the remedy is release from incarceration (CPL 30.30 [2]), whereas if the longer time limitation for unincarcerated defendants is violated, the remedy is dismissal of the accusatory instrument (CPL 30.30 [1]).

We disagree with the presentment agency. The Family Court Act itself, as well as the Court of Appeals, rejects such analogies for section 340.1 *(see,* Family Ct Act § 303.1; *Matter of Randy K.,* 77 NY2d 398, 402; *Matter of Frank C.,* 70 NY2d 408, 412-414). Moreover, while the Family Court Act expressly provides for dismissal as a remedy for violations of a juvenile's right to a speedy fact-finding hearing *(see,* Family Ct Act §§ 310.2, 332.1 [8]; *see, Matter of Jose R.,* 83 NY2d 388, 393-394), there is no similar provision for release as a remedy for such violation. Also, the Court of Appeals has stated that mandatory dismissal appears to be necessary to effectuate the legislative goal of prompt adjudication and to ensure the consistency of the statute's application *(Matter of Frank C., supra,* at 414). In *Matter of Frank C.* and *Matter of Randy K.,* the Court dismissed the petitions of juveniles who were not in detention pending the fact-finding hearing, and in *Matter of Frank C.* implicitly dismissed detention status as an issue in determining the proper remedy for violation of the time limitations *(supra,* at 412-414).

As a practical matter, dismissal of the petition is the only meaningful remedy where, as in the instant case, the fact-finding hearing has already been held. This case is an excellent example of how the shorter time limitations of Family Court Act § 340.1 can render other avenues of relief, i.e., release upon appeal under Family Court Act § 365.2 or a writ of habeas corpus, academic. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.