■ In the Matter of ROMOAN RR., a Child Alleged to be a Juvenile Delinquent, Appellant. RENSSELAER COUNTY ATTORNEY'S OFFICE, Respondent. [619 NYS2d 784] —Casey, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered August 18, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was adjudged a juvenile delinquent and placed for 18 months with the State Division for Youth upon a finding by Family Court that respondent committed attempted robbery, robbery and attempted grand larceny. On appeal, respondent challenges the victim's identification of respondent. Although civilian show-up identifications conducted at the crime scene are not presumptively infirm, they must be scrutinized carefully for unacceptable suggestiveness and unreliability based upon the specific and varying circumstances in individual cases (People v Duuvon, 77 NY2d 541, 543). In this case, the show-up occurred in close proximity to the crimes, both in distance and in time, as part of an uninterrupted array of activity that included the crimes, the victim's immediate report of the crimes to the police, the police pursuit of the vehicle involved in the crimes and the apprehension of respondent, who was hiding near where the vehicle was abandoned. The victim identified respondent as her assailant without any prompting by the police, and the assailant was wearing clothing which matched the description given by the victim. We agree with Family Court that the show-up was not unduly suggestive (see, People v Bennett, 189 AD2d 924; People v White, 185 AD2d 472, lv denied 80 NY2d 935).

We also agree with Family Court that the victim had a sufficient independent basis for her in-court identification of respondent. The victim testified that she observed her assailants run approximately 100 feet across a lighted intersection toward her car and that respondent opened her car door and grabbed, punched and scratched her (see, People v Carter, 158 AD2d 851, 852). Respondent's claims concerning minor inconsistencies in the identification testimony and concerning the victim's credibility were passed upon by Family Court, and we see no basis in the record to disturb the court's factual findings (see, Matter of Gaylord II, 106 AD2d 823).

Respondent's speedy trial claim is meritless. When respondent was released from detention, the relevant time period

within which the fact-finding hearing had to be held was 60 days from the initial appearance (Family Ct Act § 340.1 [2]), which was complied with in this case. Although the probable cause hearing was not timely held during the period of respondent's detention, the record establishes that respondent acquiesced in the minimal delay (see, Matter of Ralph D., 163 AD2d 752, 753). We also reject respondent's claim that Family Court improperly limited the scope of cross-examination of the victim. Information about traffic infractions sought by respondent's cross-examination was irrelevant because traffic infractions do not affect or impair the credibility of a witness (Vehicle and Traffic Law § 155). Respondent was permitted to make a limited inquiry into the victim's psychological history, but when counsel was unable to make an offer of proof concerning any mental illness or other serious psychological problem which could affect the victim's credibility, further inquiry was barred. We see no abuse of the discretion vested in the trial court to limit the scope of cross-examination concerning collateral matters related to credibility (see, Richardson, Evidence § 500, at 485 [Prince 10th ed]). We find no merit in respondent's remaining arguments.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.