■ In the Matter of OLDALYS O., a Person Alleged to be a Juvenile Delinquent, Appellant. [663 NYS2d 29] —Order of disposition, Family Court, New York County (Sheldon Rand, J.), entered on or about October 11, 1996, which adjudicated appellant a juvenile delinquent, after a fact-finding determination that he had committed an act which, if committed by an adult, would constitute the crime of criminal sale of a controlled substance in the third degree, and placed him with the Division for Youth for a period of 18 months, unanimously affirmed, without costs.

Under the facts of this case, the speedy fact-finding hearing provisions of Family Court Act § 340.1 were observed. Good cause was demonstrated for the three-day adjournment on the 14th day following appellant's initial appearance while appellant was in detention (*see*, Family Ct Act § 340.1 [1], [4] [a]), since the presentment agency demonstrated an unanticipated and unavoidable confusion in the notification of police witnesses, and there was no prejudice to appellant (*see, Matter of Jamell H.*, 219 AD2d 531; *Matter of Michael M.*, 201 AD2d 288; *Matter of Bryant J.*, 195 AD2d 463, 464).

On the adjourned date of September 10th, appellant was released and the 60-day period for the commencement of the fact-finding hearing now applied (Family Ct Act § 340.1 [2]). As a result, the Family Court was free to adjourn the fact-finding hearing at its discretion, without a showing of good cause or special circumstances (*see, Matter of Jamal H.*, 235 AD2d 270, *lv denied* 89 NY2d 815). Thus, in this case, the rule that release is not a remedy for a violation of the 14-day speedy fact-finding requirement is inapplicable; there was complete conformity with the statute up to the adjourned date (*cf., Matter of Jamel P.*, 207 AD2d 298, 299, *lv denied* 84 NY2d 811). Accordingly, the motion court properly denied appellant's motion to dismiss. Concur—Sullivan, J. P., Rosenberger, Ellerin and Nardelli, JJ.