■ In the Matter of Marcia Knotts, Respondent, v Thomas Vezina, Appellant. [668 NYS2d 477] —In a proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Westchester County (Spitz, J.), entered January 23, 1997, which denied the father's objections to an order of the same court (Hochberg, H.E.), dated October 24, 1996, which, after a hearing, directed him to pay to the petitioner $22,360, plus interest for arrears of child support.

Ordered that the order is affirmed, with costs.

The appellant's argument that the petition should have been dismissed on the grounds of laches, waiver, or estoppel because the petitioner did not bring this proceeding until some 13 years after he defaulted on his child support obligations is not properly before this Court, as it is dependant on the resolution of factual issues and thus may not be raised for the first time on appeal. In any event, this claim is without merit (see, Matter of Dox v Tynon, 90 NY2d 166, 168).

The appellant's remaining objections were properly denied.

The Hearing Examiner properly awarded interest on the amounts due (see, Domestic Relations Law § 244). Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.

■ In the Matter of Andrew L., a Person Alleged to be a Juvenile Delinquent, Respondent. [668 NYS2d 911] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Richmond County (Clark, J.), dated January 14, 1997, which dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.

As the respondent juvenile had been released from detention, the fact-finding hearing was required to be commenced within 60 days of his initial appearance (see, Family Ct Act § 340.1 [2]; Matter of Oldalys O., 243 AD2d 288; Matter of Romoan RR., 209 AD2d 861). The presentment agency was not required to demonstrate good cause for its request for a short adjournment until a date still within the 60-day period. Therefore, the Family Court should have granted the request (see, Matter of Leyton W., 206 AD2d 538; Matter of Bryant J., 195 AD2d 463). Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.