■ In the Matter of BERNARD T., a Person Alleged to be a Juvenile Delinquent, Appellant. [672 NYS2d 687] —Order of disposition, Family Court, New York County (George Jurow, J.), entered on or about December 18, 1996, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed acts which, if committed by an adult, would constitute the crimes of petit larceny and criminal possession of stolen property in the fifth degree, and placed him with the Division for Youth for a period of 12 months, unanimously affirmed, without costs.

Appellant's speedy trial motion was properly denied. It is undisputed that there was complete conformity with Family Court Act § 340.1 (1) from the date of appellant's initial appearance, October 31, 1996, until the adjourned date of November 8, 1996, while appellant was in detention. After his release from detention on that date, the 60-day time period for the commencement of the fact-finding hearing pursuant to Family Court Act § 340.1 (2) for paroled juveniles became applicable, and a showing of "good cause" was not required for adjournment (*Matter of Oldalys O.*, 243 AD2d 288; *Matter of Jamal H.*, 235 AD2d 270, *lv denied* 89 NY2d 815). Since the fact-finding hearing commenced on December 18, 1996, 48 days after the initial appearance, appellant's right to a speedy trial was not violated.

The court's findings were based on legally sufficient evidence and were not against the weight of the evidence. There was ample evidence of larcenous intent. Concur—Lerner, P. J., Nardelli, Wallach, Rubin and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZHENG ZHENG, Appellant [672 NYS2d 686] —Judgment, Supreme Court, Bronx County (Denis Boyle, J., at *Huntley* hearing; Gerald Sheindlin, J., at plea and sentencing), rendered December 14, 1995, which convicted defendant of robbery in the first degree, and sentenced him to a term of 7 to 21 years, unanimously affirmed.

The interpreter's testimony, properly credited by the hearing court, established that recitation of *Miranda* warnings to defendant in Mandarin, a language defendant understood, and defendant's responses to said warnings in that same language, resulted in a knowing and voluntary waiver of his rights (*see, People v Jordan*, 110 AD2d 855). Concur—Lerner, P. J., Nardelli, Wallach, Rubin and Mazzarelli, JJ.