■ In the Matter of RUTHANNE MODICA, Respondent, v ROBERT THOMPSON, Appellant. [755 NYS2d 86] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Garvey, J.), entered April 17, 2002, which granted the petition to substitute Ruthanne Modica as the payee of his child support obligation and denied his petition for the return of certain collected but undisbursed child support money.

Ordered that the order is affirmed, without costs or disbursements.

In 1993 the appellant and Lori Modica (hereinafter the mother) were divorced. Custody of their child was given to the mother, and the appellant was ordered to pay child support. After the divorce, the mother and the child resided with her parents, the respondent, Ruthanne Modica, and Joseph Modica (hereinafter the grandparents). In December 2000 the mother died after an illness. The child continued to reside with the grandparents and, following a lengthy trial, they were awarded custody of the child (*see Matter of Modica v Thompson,* 299 AD2d 486). In the interim, the Child Support Unit (hereinafter the CSU) continued to collect child support from the appellant by garnishing his wages. However, the CSU did not disburse the bulk of the support payments collected. As a result, $3,465 accrued in the CSU account. On or about October 19, 2001, Ruthanne Modica filed a petition seeking to modify the support orders so as to reflect the change in custody. She also requested that the court order the CSU to release to her the child support payments that accrued after the mother's death. On or about December 31, 2001, the appellant filed a petition requesting that the court order the CSU to return the collected but undisbursed child support payments to him. In the order appealed from, the Family Court granted Ruthanne Modica's petition and denied the appellant's petition. We affirm.

A parent's fundamental obligation to provide support for his or her child is well established by both statute and case law (*see* Family Ct Act § 413; *Hirsch v Hirsch,* 37 NY2d 312; *Matter of Roe v Doe,* 29 NY2d 188; *Laumeier v Laumeier,* 237 NY 357; *Matter of Commissioner of Social Servs. [Lachs] v Grifter,* 150 Misc 2d 209, 210-211). Even a child placed in residential or foster care is entitled to support from the parents (*see Matter of*

*Dutchess County Dept. of Social Servs. [Day] v Day,* 96 NY2d 149; *Matter of Harvey-Cook v Neill,* 118 AD2d 109; *Matter of Department of Social Servs. [Claudia R.] v Joseph R.,* 82 AD2d 885; *Commissioner of Social Servs. v Grifter, supra*; Family Ct Act §§ 415, 545; Social Services Law § 398). "A custodial parent, a foster parent or the Commissioner of Social Services are no more than conduits of that support from the noncustodial parent to the child" (*Commissioner of Social Servs. v Grifter, supra* at 212). This obligation continues after a divorce. "The husband did not divorce his child, or dissolve his liabilities to it" (*Laumeier v Laumeier, supra* at 364). Further, the support obligation being to the child, not to the payee spouse, the death of the payee spouse does not terminate the obligation (*see Belaustegui v Belaustegui,* 85 Misc 2d 1015; *Matter of Slochowsky v Lavine,* 73 Misc 2d 563; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 413, at 84; *cf. Matter of Kummer,* 93 AD2d 135; *Gordon v Gordon,* 110 AD2d 623).

Here, the death of the mother did not terminate the appellant's continuing obligation to support the child. It would be contrary to the statutory scheme of the Family Court Act and the public policies it embodies to order the child support payments accrued after the mother's death to be returned to the appellant when he neither had custody of the child nor sought to otherwise modify his child support obligation during the relevant period (*see Commissioner of Social Servs. v Grifter, supra*). Rather, consonant with the statutory scheme and the public policies it embodies, the accrued child support payments were properly awarded to Ruthanne Modica, who had custody of the child and was charged with her care during the relevant period (*see Corso v Corso,* 48 AD2d 652; *Commissioner of Social Servs. v Grifter, supra*). The Family Court providently exercised its continuing jurisdiction to effect such a result (*see* Family Ct Act § 451).

The appellant's remaining contention is not properly before this Court and, in any event, is without merit (*see Matter of Knotts v Vezina,* 247 AD2d 539). Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.