Matter of Leggio v Devine (2018 NY Slip Op 01312)





Matter of Leggio v Devine


2018 NY Slip Op 01312


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-05966
 (Index No. 10161/15)

[*1]In the Matter of Tina Leggio, petitioner, 
v
Sharon Devine, etc., et al., respondents.


Jeffery Seigel, Islandia, NY (Beth C. Zweig of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, New York, NY (Andrew W. Amend and Philip V. Tisne of counsel), for respondent Sharon Devine.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review an amended determination of a designee of the Commissioner of the New York State Office of Temporary and Disability Assistance dated December 30, 2014, which, after a fair hearing pursuant to Social Services Law § 22 and 18 NYCRR part 358, affirmed a determination of the Suffolk County Department of Social Services discontinuing the petitioner's Supplemental Nutritional Assistance Program benefits.
ADJUDGED that the amended determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
In October of 2014, the petitioner applied to the Suffolk County Department of Social Services (hereinafter the agency) to continue her Supplemental Nutritional Assistance Program (hereinafter SNAP) benefits, commonly known as food stamps. At that time, the petitioner lived with, among others, five of her children, who were all under the age of 21 years. Two of the petitioner's children, then 18 and 19 years old, respectively, were full-time college students (hereinafter together the college students). When determining whether the petitioner was eligible to have her SNAP benefits continued, the agency did not count the college students as part of the household because they were adults over the age of 18 years attending college full time who did not qualify for an exemption from work requirements (see 7 CFR 273.5[a]; 18 NYCRR 387.1[x], [jj]). However, the agency did count as household income the entire amount of child support received by the petitioner for all five of her children under the age of 21 years, including the college students.
Based upon those calculations, the agency, by notice dated October 16, 2014, advised the petitioner that her SNAP benefits were discontinued (hereinafter the October 2014 determination).
After a fair hearing, in an amended determination dated December 30, 2014, the New York State Office of Temporary and Disability Assistance (hereinafter OTDA), by a designee of its Commissioner, affirmed the October 2014 determination. OTDA determined that the child support attributable to the college students should be included in household income, on the grounds that the college students were not living outside the household, and the child support was given to the petitioner and was under her control. The petitioner commenced this proceeding pursuant to CPLR article 78 challenging the amended determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) to consider whether the determination was supported by [*2]substantial evidence.
The facts of this case are for the most part undisputed, and the crux of this case is an interpretation of the applicable regulations. Therefore, as the petition did not raise a question of substantial evidence, the transfer of this proceeding to this Court was erroneous. Nevertheless, in the interest of judicial economy, this Court will decide the proceeding on the merits (see Matter of Benjamin v McGowan, 275 AD2d 290, 291; Matter of Church v Wing, 229 AD2d 1019, 1019-1020; Matter of Molloy v Bane, 214 AD2d 171, 173; Matter of City School Dist. of City of Elmira v New York State Pub. Empl. Relations Bd., 144 AD2d 35, 37, affd 74 NY2d 395).
The petitioner's primary contention is that she was entitled to SNAP benefits because "the income of college students who are ineligible for SNAP benefits must be excluded from the income calculation of the SNAP household" pursuant to federal and state regulations. She also claims that this exclusion is supported by a determination made by OTDA in a different case on November 8, 2013 (hereinafter the November 2013 determination). In response, OTDA contends, among other things, that the child support attributable to the college students should not be excluded from the income calculation of the petitioner's household because child support payments are income to the parent, not income to the child. OTDA's contention is without merit. A child support obligation differs from alimony or spousal support, in that it is an obligation "to the child, not to the payee spouse, [therefore] the death of the payee spouse does not terminate the obligation" (Matter of Modica v Thompson, 300 AD2d 662, 663). " A custodial parent, a foster parent or the Commissioner of Social Services are no more than conduits of that support from the noncustodial parent to the child'" (id. at 663, quoting Matter of Commissioner of Social Servs. v Grifter, 150 Misc 2d 209, 212 [Fam Ct, NY County]). The regulations provide for the prorating of a single payment which is for the benefit of several persons (see 7 CFR 273.9[c][6]; 18 NYCRR 387.11[i]). In this case, the pro rata portion of the child support award attributable to each child can be readily identified by dividing the award by the number of children.
The petitioner's contention that OTDA must apply the reasoning of the November 2013 determination to the instant case is without merit. Administrative agencies are "free, like courts, to correct a prior erroneous interpretation of the law" (Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 519). The November 2013 determination was erroneous and, therefore, should not be followed. In that case, and in the instant case, the college students were part of the household pursuant to 7 USC § 2012(m)(2) and 18 NYCRR 387.1(x)(2)(i)(c). They were disqualified from receiving benefits, primarily because they do not comply with work requirements. Therefore, they could not be counted in determining the number of persons in the household, but
their pro rata share of child support was includable in household income.
The petitioner contends that the income of the college students should have been excluded pursuant to 7 CFR 273.11(d) and 18 NYCRR 387.16(d), both of which address the "treatment of income and resources of other nonhousehold members." However, inclusion of income from certain specific persons who shall not be considered members of the household in determining house size is explicitly provided for in 7 CFR 273.11(c)(1). These include persons disqualified because of "an intentional Program violation, a felony drug conviction, their fleeing felon status, noncompliance with a work requirement of [7 CFR] 273.7, or imposition of a sanction while they were participating in a household disqualified because of failure to comply with workfare requirements" (7 CFR 273.11[c][1]). The college students, as noted above, were disqualified primarily because of their failure to comply with work requirements.
Pursuant to 7 CFR 273.7(a)(1), "[a]s a condition of eligibility for SNAP benefits, each household member not exempt under paragraph (b)(1) of this section must comply with the following SNAP work requirements," including registering for work. According to 7 CFR 273.7(b)(1)(viii), students enrolled at least half time in institutions of higher education are only exempt if they meet "the student eligibility requirements listed in" 7 CFR 273.5(b), which includes students under 18, students with special needs, students in work study programs, or students employed for a minimum of 20 hours per week.
Similarly, 18 NYCRR 387.16(d) provides for the inclusion of income from nonhousehold members who have been disqualified for an intentional program violation, ineligible alien status, failure to attest to citizenship or alien status, or failure to comply with a food stamp work registration or work requirement as provided in 18 NYCRR 385.3. Under 18 NYCRR 385.3 [*3]and 18 NYCRR 387.1(jj), such students are not exempt from work requirements, and are not eligible for food stamps. Pursuant to 18 NYCRR 387.16(d) their income has to be included in household income.
The college students were not employed a minimum of 20 hours per week or otherwise eligible for an exemption. Accordingly, their income was properly included in household income.
In view of the foregoing, the amended determination was correct.
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court