Matter of Sultan v Khan (2020 NY Slip Op 02929)





Matter of Sultan v Khan


2020 NY Slip Op 02929


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05233
 (Docket No. F-878-18/18A)

[*1]In the Matter of Younus Sultan, respondent,
v
Muhammad Khan, appellant.


Christine F. Stage, Warwick, NY, for appellant.
Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (Milana Tepermayster of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated April 8, 2019. The order granted the maternal grandfather's objections to so much of an order of the same court (Gladys E. Braxton, S.M.) dated May 16, 2018, as directed the father to pay child support retroactive only to December 22, 2017, and, thereupon, directed the father to pay child support retroactive to June 5, 2016.
ORDERED that the order dated April 8, 2019, is affirmed, without costs or disbursements.
The father and the mother of the three subject children were previously married. In an order dated February 27, 2013, the mother was awarded sole custody of the children. In an order of support dated December 4, 2014, the father was directed to pay child support. In 2015, the father and the mother were divorced. After the divorce, the mother and the children resided with the maternal grandparents. On June 5, 2016, the mother died. The children continued to reside with the maternal grandparents, who were subsequently awarded sole custody of the children.
After the mother's death, the Rockland County Child Support Enforcement Unit ceased collecting child support from the father and returned to him wages that had been previously garnished. On December 22, 2017, the maternal grandfather filed a petition seeking to modify the order of support dated December 4, 2014, so as to substitute him as the payee of the father's child support obligation and to enforce the order of support. In an order dated May 16, 2018, the Support Magistrate granted the petition and directed that child support payments be made retroactive to the date of the petition, December 22, 2017. The maternal grandfather filed objections to the Support Magistrate's order, arguing that child support payments should be made retroactive to the date of the mother's death, June 5, 2016. The Family Court granted the maternal grandfather's objections and directed the father to pay child support retroactive to June 5, 2016. The father appeals.
Since a child support obligation is owed to the child, not to the payee spouse, "the death of the payee spouse does not terminate the obligation" (Matter of Modica v Thompson , 300 AD2d 662, 663). Here, the death of the mother did not terminate the father's continuing obligation [*2]under the order of support dated December 4, 2014, to support the children. It would be contrary to the statutory scheme of the Family Court Act and the important public policies it embodies for the father to no longer be liable for unpaid child support payments accrued after the mother's death where, as here, "he neither had custody of the child[ren] nor sought to otherwise modify his child support obligation during the relevant period" (id. at 663).
Accordingly, we see no reason to disturb the Family Court's determination to grant the maternal grandfather's objections and to direct the father to pay child support retroactive to the date of the mother's death.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court